UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60721-CIV-ZLOCH

SHIRLEY SMITH,

    Plaintiff,

vs.                                            **FINAL ORDER OF REMAND**

STONEBRIDGE LIFE INSURANCE,
COMPANY,

    Defendant.

_____/

THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

The above-styled cause was originally filed in Florida state court and removed to this Court and assigned Case No. 07-61826-CIV-ZLOCH.  At that time, Defendant Stonebridge Life Insurance, Company (hereinafter "Stonebridge") claimed that this Court possessed diversity jurisdiction to entertain this action.  However, the Court found that the Defendant's Notice Of Removal failed to properly allege the Parties' diversity of citizenship.  See DE 11 (Case No. 07-61826).  Thereafter, the Court remanded the case to state court for lack of jurisdiction over the same.  In the instant Notice of Removal, Defendant alleges that after the case was remanded the Parties engaged in jurisdictional discovery and it is now clear that diversity of citizenship exists and Defendant has properly pled the Parties' citizenship.  DE 1, pp. 2-3.

It is well established that 28 U.S.C. § 1447(d) prohibits

review of a remand order "on appeal or otherwise."   Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction."   Seedman v. United States District Court for the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988).   There are very limited circumstances when a Party may remove a case a second time.   In those instances the basis for the second removal must differ from the first.   That is, a pleading must establish that the Court's consideration of the second removal is more than reconsideration of the "same grounds" upon which the case was first removed.   See Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 457-58 (7th Cir. 2005); see also TKI, Inc. v. Nichols Research Corp., 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002) (finding that the filing of a second notice of removal was appropriate where by subsequent affidavit "Plaintiff ... contradicted the very affidavit which the court relied on in remanding the case").   By filing a second notice of removal which supplies evidentiary support for the argument that the previous remand order was incorrect, a defendant is simply attempting to "circumvent section 1447(d)'s prohibition on reconsideration." Nicholson v. National Accounts, Inc., 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).

Defendant's instant Notice of Removal (DE 1) relies entirely on the Complaint's jurisdictional basis as it existed at the time

of the Court's first review, and, as such, that Defendant seeks to remove the case on the same grounds: diversity of citizenship between the Parties.   By submitting Plaintiff's interrogatory admissions, Defendant has simply supplied the Court with "evidentiary support for the argument that the previous remand order was incorrect."  Id. And it has not supplied the Court with any new pleading or event that provides a different basis for removal.  Because Defendant's Notice Of Removal (DE 1) is simply an attempt to re-allege the pleading requirements of § 1332 and is not based upon a new pleading or jurisdictionally significant event, the Court finds that it is prohibited by § 1447(d) from reviewing the instant Notice Of Removal (DE 1) and therefore exercising jurisdiction over the above-styled cause.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Defendant Stonebridge Life Insurance, Company's Notice Of Removal (DE 1) be and the same is hereby **DENIED**;

2.  The above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction;

3.  the Clerk of the United States District Court for the Southern District of Florida, is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 0730947; and

3

4. that to the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___11th___ day of July, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0730947